IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KaDeidra White | CRIMINAL CASE:<br>1:22-CR-019-JPB |

SENTENCING MEMORANDUM
ON BEHALF OF KaDEIDRA WHITE

Ms. White's plea to count two of the criminal information (aggravated identity theft) means that she will have to spend at least two years in the custody of the Bureau of Prisons. Ms. White knew this when she accepted responsibility for the offense and pled in open court. In other words, she knows and accepts that she will do some time. The ultimate question for the Court will be how much more time than two years is sufficient, but not greater than necessary to accomplish the goals of sentencing. While the federal sentencing guidelines are only a starting place for the Court's analysis of what sentence is reasonable in this case, the Court has an obligation to correctly calculate the guidelines before moving forward to discern what a reasonable sentence will be. The guidelines are addressed first followed by counsel's attempt to provide the Court with as

much personal context as possible in order to help the Court discern what sentence it should impose.

## The Guidelines

Ms. White's guidelines are calculated in the presentence report as shown in Figure 1.

| PSR Paragraph | Guideline | Impact |
|---|---|---|
| 45 | Base Offense Level | 6 |
| 46 | Specific Offense Characteristic for the Loss Amount ($504,000) | +12 |
| 47 | Number of Victims (39) | +2 |
| 48 | Possession or Use of Device-Making Equipment | +2 |
| 52 | Adjusted Offense Level | 22 |
| 54 | Acceptance of Responsibility | -3 |
| 55 | Total Offense Level | 19 |
| 63 | Criminal History Score of 3, CH Category II | 33 to 41 months |
| | Adding the 24 month mandatory consecutive sentence on Count 2 results in a guideline range of | 57 to 65 months |
| | If the defense objection to paragraph 48 is sustained, the new range would be | 51 to 57 months |

*Figure 1 Guidelines Calculations*

### Paragraph 47 Number of Victims:

We did not object to the number of victims enhancement and we do not object. This is correctly calculated. We simply note that it appears that

the majority, if not all, of the victims listed in the presentence report chart suffered very little actual financial loss. The real victims of the offenses were the governmental entities that paid the claims. This is information for the Court to consider as it considers the nature and circumstances of the offense.

Paragraph (48) Possession of Device-Making Equipment:

We have objected to this enhancement. Law enforcement officers executing a search warrant at Ms. White's apartment found a magstripe encoder and a credit card embosser as referenced at paragraph 48 of the presentence report. The specific equipment found were the Molao Credit Card Embosser and the Magstripe Encoder MSR605. These devices are both publicly available and sell for approximately $168 and $83 respectively on Amazon. Counsel is trying to confirm that these devices actually facilitated the offense set forth in Count One and will address this further at sentencing.

Application Note 2 to USSG 2B1.6 (the Aggravated Identity Theft guideline) states:

> 2.   *Inapplicability of Chapter Two Enhancement.*—*If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for the transfer, possession, or use of a*

*means of identification when determining the sentence for the underlying offense. A sentence under this guideline accounts for this factor for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). "Means of identification" has the meaning given that term in 18 U.S.C. § 1028(d)(7).*

Counsel has read the cases cited in the presentence report and acknowledges that they stand for the proposition that there can be application of this offense characteristic for device making equipment even when an aggravated identity theft count is present.

<u>Reasonable Sentence</u>

The advisory guideline range is but one factor to be considered in determining the sentence of a defendant so that it is sufficient, but not greater than necessary. See *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (quoting 18 U.S.S.G. § 3553(a)).  The Court shall consider the following factors when determining a particular sentence:

1) The nature and circumstances of the offense and the history and characteristics of the defendant;

2) The purpose and need for a sentence imposed;

3) The kinds of sentences available;

4) The advisory guideline range;

5) Any policy statements issued by the Sentencing Commission;

6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7) The need to provide restitution to victims of the offense.

18 U.S.S.G. § 3553(a).

## History and Characteristics of KaDeidra White

KaDeidra White is the fifth and youngest child of Darrell White (truck driver) and Pamela White (Marshall's Warehouse supervisor). She is 28 years old and was raised on the east side of metropolitan Atlanta. She attended high school at Redan and Martin Luther King. KaDeidra loved participating in cross country in high school. She is proud of her personal best time of 29 minutes on a 5 mile course in 2011. KaDeidra's high school years were cut short by an unplanned pregnancy which resulted in her to having to leave Martin Luther King, Jr. High School in her senior year without graduating.[1] (She would have been a member of the class of 2012.) From then on, finances have been a struggle for KaDeidra. KaDeidra's first

---

[1] She did later obtain her GED in 2015. See paragraph 79 of the presentence investigation report.

son, whose name begins with M, was followed by a second son with another M name as a nod to their father whose name is Malik Shabazz. Shortly after conception of their second son, Malik Shabazz went to prison for multiple felony offenses. He remains incarcerated with a release date in 2025. KaDeidra has two more sons with Jabari Lee. They are ages 2 and 3. However, neither of the fathers provide financial support, so KaDeidra is almost entirely on her own to support her four boys.

The jobs that KaDeidra has held are listed in the presentence report. During the presentence report interview, she talked to the Probation Officer about having lost her best paying job, as a claims representative for State Farm near Perimeter Mall, because she stayed at home to attend to her second oldest son after he accidentally sprayed the liquid from a Tide Pod into his eyes. She was very worried about him and took him to the emergency room and then stayed home with him until he recovered. However, when she returned to work, she was terminated, because she was still within her probationary period and had not earned the privilege of taking time off at that time. KaDeidra still laments that financial setback although she does not regret staying with her son until he was well.

KaDeidra does have a very supportive family.[2] Her oldest sister LaKeisha talked to counsel about the closeness of their family. (The Court may remember LaKeisha as she was present at the plea hearing.) LaKeisha says that their mother cooks a big meal every Sunday and they routinely gather together to enjoy each others' company. They spend all holidays together. The family is not proud of what KaDeidra has done, but they are supporting her taking responsibility and finding ways to move forward responsibly.

LaKeisha describes KaDeidra as a really "excellent mother … one of the best ever." LaKeisha says that KaDeidra is *always* doing something fun with her boys. Such activities include: bowling, indoor jump castle parks, go carts, dirt bikes, water parks, and trips together. The older boys enjoy playing baseball. The eldest son is the most outgoing of the four. KaDeidra's daily involves waking early, getting the boys ready for school, then going off to school herself, working in her shop, and making it home to go to sleep and wake up the next morning to do it all again.

Almost since this case began, KaDeidra has been attending the Atlanta Massage School in pursuit of an Esthetics Certificate. The program is

---

[2] Counsel is submitting a pictorial appendix with this memorandum.

scheduled to be completed in June. (Originally, it was to be completed in May, but it was pushed back to June, because the class had to pause due to a COVID issue.) KaDeidra has been making As and Bs in the class. She very much enjoys the field, because it gives her the chance to help people to feel better about themselves and to work on themselves. After completion of the program, KaDeidra will need to pass a State Board test in order to be certified.

It is also important to acknowledge Ms. White's criminal history which is detailed in the presentence report. She has been assessed two points for committing these offenses while on probation. We will note that Ms. White has done quite well on federal pretrial release. (There have been some issues with executing the curfew utilizing the app, but KaDeidra has been working with her Probation Officer on those issues.) The Court will notice that though KaDeidra has a prior felony fraud conviction, she has not had to do any time. This is an important consideration as the Court determines what sentence is sufficient, but not greater than necessary to accomplish the goals of sentencing.

## CONCLUSION

WHEREFORE we pray that the Court will impose a reasonable sentence as close to the mandatory minimum two years as possible.

Respectfully submitted, this 22nd day of April, 2022.

*V. Natasha Perdew Silas*
V. Natasha Perdew Silas
Georgia State Bar Number 571970
Attorney for Ms. White

FEDERAL DEFENDER PROGRAM, INC.
1500 CENTENNIAL TOWER
101 MARIETTA STREET, NW
ATLANTA, GEORGIA 30303
404-688-7530
NATASHA_SILAS@FD.ORG

CERTIFICATE OF SERVICE AND COMPLIANCE WITH LR 5.1B

I hereby certify that the foregoing Motion to Adopt been formatted in Century Schoolbook 14 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the counsel of record Kelly Connors, Esquire.

Dated: This 22nd day of April, 2022.

*V. Natasha Perdew Silas*
V. Natasha Perdew Silas
Georgia Bar No. 571970