IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | Criminal Action No. |
|---|---|
| v. | 1:22-CR-019-JPB-LTW |
| KADEIDRA WHITE | |

**United States' Sentencing Memorandum**

The United States of America, by Kurt R. Erskine, United States Attorney, and Kelly K. Connors, Assistant United States Attorney for the Northern District of Georgia, files this Sentencing Memorandum.

Background

The defendant, Kadeidra White, was initially arrested on October 8, 2020, and was charged in a criminal complaint. A grand jury later returned an indictment against the Defendant, charging her with seven counts of wire fraud, seven counts of aggravated identity theft, and one count of possession of 15 or more unauthorized access devices. *See United States v. Kadeidra White*, Crim. Action No. 1:20-CR-413-JPB-LTW (N.D. Ga. Oct. 28, 2020). On January 26, 2022, the United States Attorney charged the Defendant in a criminal information with one count of theft of government funds, in violation of 18 U.S.C. § 641, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A, and the Defendant

entered a negotiated plea to both counts. *See* Docs. 1 and 4. As part of the plea, the government agreed to dismiss the remaining counts pending in Criminal Action No. 1:20-CR-413, upon entry of the judgment and commitment in this case. The Defendant is currently scheduled for sentencing on April 26, 2022.

The Offense Conduct

On March 27, 2020, as a result of the global COVID-19 pandemic, the President signed into law the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. Among other provisions, the CARES Act provided emergency financial assistance to millions of Americans, including those individuals who had become unemployed as a result of the pandemic and business closures. Specifically, the CARES Act created a temporary, federally funded program called Pandemic Unemployment Assistance ("PUA") that provided up to 39 weeks of additional unemployment benefits, up to $600 per week. The Defendant filed dozens of fraudulent unemployment claims using stolen identities, stealing emergency government funds for her own personal benefit. (PSR ¶ 25).

Guidelines Calculations

The Probation Officer correctly calculated the Defendant's total offense level for Count 1 as level 19, finding a base offense level of 6 plus enhancements for loss amount (+12), number of victims (+2), possession of device-making equipment (+2), and reduction for acceptance of responsibility (-3). (PSR, ¶¶ 45-

54). The Probation Officer noted that the guideline sentence for Count 2, aggravated identity theft, was the term of imprisonment required by 18 U.S.C. § 1028A, that is, two years' imprisonment to be served consecutively to any other term of imprisonment. (PSR ¶ 56). The Probation Officer determined that the Defendant's criminal history category was II, based on a March 2, 2020, conviction for which the Defendant received a sentence of 10 years' probation. (PSR ¶ 59). Because the Defendant was under this sentence at the time that she began engaging in the instant conduct (roughly three months later), two criminal history points were added. (PSR ¶ 61-63). Accordingly, with a criminal history category of II, the Defendant's guidelines range is 33 to 41 months' custody for Count 1, to be followed by 24 months' custody for Count 2. (PSR at 21).

<u>Possession of Device-Making Equipment</u>

The Defendant objected to one enhancement – application of USSG § 2B1.1(b)(11)(A). (PSR ¶ 48). The Defendant argued that the enhancement should not apply because she was convicted of 18 U.S.C. § 1028A and referenced Application Note 2 to USSG § 2B1.6. *Id.* The Probation Officer maintained her position that the enhancement applies and cited several Eleventh Circuit cases. *Id.* In her sentencing memorandum, the Defendant acknowledged that these cases support the position that a conviction under 18 U.S.C. § 1028A does not preclude the enhancement from applying, yet she did not expressly withdraw the objection. Doc. 8 at 3-4. The Defendant offers no authority to support her

position that the enhancement should not apply, and binding precedent authorizes application of the enhancement for possession of device-making equipment in conjunction with a sentence for aggravated identity theft.

Application Note 2 to USSG § 2B1.6 states that "[i]f a sentence under [2B1.6] is imposed in conjunction with a sentence for an underlying offense," no Chapter Two enhancement (or specific offense characteristic) should be applied for the "transfer, possession, or use of a means of identification when determining the sentence for the underlying offense."  USSG § 2B1.6, App. Note 2.  Because aggravated identity theft accounts for the "transfer, possession, or use of a means of identification" in relation to the underlying offense, this characteristic is already baked into the sentence for aggravated identity theft and should not also be used to enhance the sentence for the underlying offense.  *Id.*  But possession of device-making equipment is not baked into the sentence for aggravated identity theft and does not concern "the transfer, possession, or use of a means of identification."

The Eleventh Circuit has already rejected Defendant's argument and found that the enhancement for device-making equipment may be applied in conjunction with a sentence for aggravated identity theft. *United States v. Cruz*, 713 F.3d 600, 605-608 (11th Cir. 2013) (rejecting defendants' position that use of device-making equipment was part of their relevant conduct for the underlying offense of access device fraud and thus precluded by 2B1.6).  The "plain

language" controls when interpreting Guideline provisions. *Id.* at 607. Moreover, the Eleventh Circuit "presumes the Sentencing Commission intended to apply separate guideline sections cumulatively, *unless* specifically directed otherwise." *Id.* The Eleventh Circuit also "generally presume[s] the inclusion or exclusion of language in the Guidelines is intentional and purposeful." *Id.* In *Cruz*, the Circuit Court explained that 2B1.6 only precludes application of specific offense characteristics based on the transfer, use, or possession of a means of identification and held that possession of device-making equipment is not this type of offense characteristic. *Id; see also United States v. Martinez*, 438 Fed. App'x 775, 776 (11th Cir. 2011) (holding that device-making equipment is not a means of identification, thus an enhancement for possession of device-making equipment is not precluded by 2B1.6); *United States v. Martinez*, 432 Fed. App'x 930, 936 (11th Cir. 2011) (holding that the plain language of Application Note 2 to 2B1.6 only precludes offense characteristics involving the transfer, use, or possession of means of identification and further finding that possession of device making equipment is not excluded). The Court should overrule Defendant's objection.

Recommendation

Consistent with the plea agreement, the government recommends that the Defendant be sentenced to 33 months' incarceration for Count 1, and 24 months' incarceration, to be served consecutively, for Count 2. In addition, the

government recommends that the Court impose terms of supervised release of three years as to Count 1 and one year as to Count 2. As will be described in more detail during the sentencing hearing, the recommended sentence is reasonable in light of the factors outlined in 18 U.S.C. § 3553(a), particularly "the nature and circumstances of the offense," "the history and characteristics of the defendant," and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment," "to afford adequate deterrence to criminal conduct," and "to protect the public." 18 U.S.C. § 3553(a). On the heels of a recent conviction for felony fraud, the Defendant engaged in an egregious scheme to defraud the government and to steal funds meant to provide urgent financial assistance to Americans struggling to cope with unemployment in the wake of the COVID-19 pandemic. In doing so, she victimized dozens of individuals by using their personal identifying information to file fraudulent claims for benefits with numerous state workforce agencies. She maintained handwritten notes of her criminal activity and kept computer files of stolen identities. The Defendant's conduct was extreme, and the need for both general and specific deterrence is critical. A total sentence of 57 months is reasonable and consistent with the 3553(a) factors. The downward variance of approximately 33 months proposed by the Defendant, resulting in a total sentence of 24 months, is not reasonable, ignores the seriousness of the

offense, fails to hold the Defendant accountable for the full harm that she caused, and will not adequately deter future criminal conduct.

Respectfully submitted,

K<span>URT</span> R. E<span>RSKINE</span>
  *United States Attorney*


/s/K<span>ELLY</span> K. C<span>ONNORS</span>
  *Assistant United States Attorney*
  Georgia Bar No. 504787
  Kelly.Connors@usdoj.gov

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Natasha Silas

April 25, 2022

/s/ KELLY K. CONNORS

KELLY K. CONNORS

*Assistant United States Attorney*